**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **LAURIE ELEK** <br> 247 Monroe St <br> Wauseon, Ohio 43567 | * <br><br> * | Case No. <br><br> Judge |
| Plaintiff, <br> v. | * <br><br> * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **JAC PRODUCTS INC.** <br> c/o CT Corporation System <br> 4400 Easton Commons Way <br> Suite 125 <br> Columbus, Ohio 43219 <br><br> Defendant. | * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * | Francis J. Landry   (0006072) <br> Katherine A. Pawlak (0086885) <br> **WASSERMAN, BRYAN, LANDRY <br> & HONOLD, LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone:  (419) 243-1239 <br> Facsimile:  (419) 243-2719 <br> Email: FLandry308@aol.com <br>           kpawlak@wblhlaw.com <br> Attorneys for Plaintiff Laurie Elek |

\* \* \* \* \* \* \* \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action brought pursuant to 42 U.S.C. Sections 12101 et seq., known as Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act of 2008. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment.  On or around December 12, 2019, Plaintiff filed a Charge of Discrimination against Defendant with the Ohio Civil Rights

Commission and Equal Employment Opportunity Commission, charge no. 22A-2020-00584C attached and incorporated by reference as if fully restated herein, attached hereto as Exhibit A. On October 10, 2020 the District Director of the EEOC notified Plaintiff of her right to file suit in an appropriate federal district court within ninety (90) days, attached hereto as Exhibit B. Plaintiff also brings a claim of disability discrimination under the Ohio statutory law for disability discrimination under this Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

## PARTIES

2.      Plaintiff, Laurie Elek, is a citizen of the United States and a resident of the City of Wauseon, County of Fulton, State of Ohio, who has been employed by Defendant since December 27, 2018 until her termination on August 5, 2019. At all times material hereto, Plaintiff has been an employee of an employer within the meaning of the ADAAA and Chapter 4112 of the Ohio Revised Code in that the Plaintiff was an employee of an entity with more than fifteen (15) employees.

3.      Plaintiff states that the Defendant is a foreign corporation duly organized under Michigan law with a place of business in the City of Napoleon, County of Henry, State of Ohio. Defendant's headquarters and principal place of business are in a State other than Ohio. Defendant at all times had more than fifteen (15) employees and was also an employer within the meaning of the ADAAA and Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4.      Plaintiff brings this action for damages and injunctive relief for unlawful discrimination in employment based on Plaintiff's disability.

## GENERAL ALLEGATIONS

5.      Plaintiff began her employment with the Defendant on December 27, 2018.

6.      Plaintiff was employed with Defendant as a Line Assembly worker.

7.      Plaintiff dislocated her collarbone during her employment with Defendant. Due to her dislocated collarbone, she was prescribed medication.

8.      After taking her medication one day, Plaintiff became ill while at work, due to her medication.

9.      Plaintiff was sent home by Defendant, and accused of being contagious.

10.      Plaintiff was not contagious, and obtained a doctor's note indicating that she was not contagious, and was able to return to work.

11.      On the day Plaintiff was sent home by Defendant, she was issued an attendance point, and then terminated allegedly for attendance.

## FIRST CLAIM FOR RELIEF
## Disability Discrimination
## Ohio Revised Code Chapter 4112.02

12.      Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13.      Plaintiff states that she was a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13). Furthermore, Plaintiff was perceived by Defendant as disabled, and has a record of impairment.

14.      Plaintiff suffered from a dislocated collarbone. Plaintiff's disabling condition impacted her major life activities of pulling, pushing and lifting.

15.      Defendant was aware of Plaintiff's dislocated collarbone.

16.      Defendant sent Plaintiff home and issued an attendance point and terminated her employment when she became ill due to her medication.

17. Other employees who were sent home by Defendant but who did not have dislocated collarbones were not issued attendance points or terminated from their position.

18. At the time of and prior to her being sent home, issued an attendance point, and terminated, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations as an assembly worker, was not contagious, and was a highly rated and skilled employee.

19. Plaintiff states that similarly situated employees who were not disabled were more favorably treated.

20. Upon information and belief, Plaintiff position was either not filled after her termination, or she was replaced by an individual who does not have a disability.

21. Plaintiff states Defendant's actions violated Plaintiff's rights under Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

22. As a proximate result of the actions of Defendant complained of herein, Plaintiff has lost wages and benefits, suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.

23. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-two (22) of this Complaint, supra, by reference in its entirety as if fully stated herein.

24. Plaintiff states that at and prior to her termination, she was a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq. Furthermore, Plaintiff was perceived by Defendant as disabled, and has a record of impairment.

25. Plaintiff suffered from a dislocated collarbone. Plaintiff's disabling condition impacted her major life activities of pulling, pushing and lifting.

26. Defendant was aware of Plaintiff's dislocated collarbone.

27. Defendant sent Plaintiff home and issued an attendance point and terminated her employment when she became ill due to her medication.

28. Other employees who were sent home by Defendant but who did not have dislocated collarbones were not issued attendance points or terminated from their position.

29. At the time of and prior to her being sent home, issued an attendance point, and terminated, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations as an assembly worker, was not contagious, and was a highly rated and skilled employee.

30. Plaintiff states that similarly situated employees who were not disabled were more favorably treated.

31. Upon information and belief, Plaintiff position was either not filled after her termination, or she was replaced by an individual who does not have a disability.

32. Plaintiff states that in terminating her employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

33. As a proximate result of the actions of Defendant complained of herein, Plaintiff has lost wages and benefits, suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,** Plaintiff prays for an order reinstating her to her position, or in lieu of reinstatement, an order of full back and front pay, seniority and benefits. Plaintiff further demands a judgment against Defendant for compensatory and punitive damages for emotional distress,

anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees. Plaintiff also seeks prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

>Respectfully submitted,
>
>**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**
>
>/s/ Francis J. Landry
>Francis J. Landry, Attorney for
>Plaintiff, Laurie Elek

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

>/s/ Francis J. Landry
>Francis J. Landry